IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula B. Abebe,<br>*aka Unula Boo-Shawn Abebe,*<br><br>      Plaintiff,<br><br>vs.<br><br>Larry Propes, *Clerk of Court*;<br>Margaret Seymour, *Judge*;<br>United States, *Dept. of Justice*,<br><br>      Defendants.<br>_____ | ) C/A No. 0:11-1215-MBS-PJG<br>)<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  The plaintiff, Unula B. Abebe, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

  Plaintiff has brought suit against the Clerk of this Court, a United States District Judge, and the United States of America. Plaintiff alleges that, in three of his civil cases, the Office of the Clerk of Court has sent him "'only' unsigned, non clocked stamped copies of judicial orders from the Clerk of Court Office in Columbia, S.C." Plaintiff also alleges that, since the orders and judgments are neither signed nor sealed, they are "therefore not officially issued." Plaintiff contends that the issuance of unsigned orders has violated his rights and has caused him emotional distress. Plaintiff also argues that the Clerk's refusal to issue clock-stamped copies "constitutes the Federal Tort of Gross Negligence." In his

prayer for relief, Plaintiff seeks: (1) a ruling that the appeals filed in his cases are void, unofficial, and violated Due Process; (2) a ruling that the judgments in the three cases are not official; (3) $1,200,000.00 for gross negligence and emotional distress; and (4) a ruling that Plaintiff must receive signed and clock-stamped copies.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

**Judge Seymour.** Since Judge Seymour acted in her official capacity when she decided Plaintiff's prior cases, Judge Seymour is immune from suit in the above-captioned civil rights action. See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

**Mr. Propes.** "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official [aide] of the judge is involved." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) (quotation and brackets omitted). Absolute judicial immunity has thus been extended to non-judicial officers, such as clerks of court, "where their duties had an integral relationship with the judicial process." Id. (quotation omitted).

It can be judicially noticed that in February of 2005, the United States District Court for the District of South Carolina implemented the use of the Case Management-Electronic Case Filing System ("CM-ECF"). See Local Civil Rule 5.01 DSC. Since that time, orders and other documents filed by United States District Judges and United States Magistrate

Judges are electronically filed through CM-ECF, and then the CM-ECF System generates electronic copies to counsel of record, and, in *pro se* cases, generates paper copies for the *pro se* litigants. The paper copies of orders are mailed to *pro se* litigants by the Office of the Clerk of Court.

Since the Office of the Clerk of Court more than six years ago was authorized to implement use of the CM-ECF system, Mr. Propes and his staff have quasi judicial immunity with respect to the mailing of orders, Reports and Recommendations, and judgments to Plaintiff. See Cook v. Smith, 812 F. Supp. 561, 562 (E.D. Pa. 1993); Mourat v. Common Pleas Court of Lehigh Cnty., 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In Mourat, the district court, in a ruling from the bench, commented:

> The clerk, Joseph Joseph, is also immune from suit. In the 'recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune.' We have here quoted from Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See Zimmerman v. Spears, 428 F. Supp. 759, 752 (W.D.Tex.), aff'd, 565 F.2d 310 (5th Cir. 1977); Davis v. Quarter Sessions Court, 361 F. Supp. 720, 722 (E.D.Pa.1973); Ginsburg v. Stern, 125 F. Supp. 596 (W.D.Pa.1954), aff'd per curiam on other grounds, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

Mourat, 515 F. Supp. at 1076; see also Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, supra.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their

wrath on clerks, court reporters, and other judicial adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); (limited by Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993)); see also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995); Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); Mayes v. Wheaton, No. 97 C 8072, 1999 WL 1000510 (N.D. Ill. Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer.") (citing Forrester v. White, 484 U.S. 219, 226-27 (1988)).

**The United States and the United States Department of Justice.** The above-captioned case is not maintainable as a Bivens action against the United States or the United States Department of Justice. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n.30 (1982). A Bivens action may not be brought against agencies of the United States, such as the Department of Justice. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). Even if this case is treated as an action under the Federal Tort Claims Act, this case is still subject to summary dismissal. The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States in certain situations. Litigants must

strictly comply with the requirements of the FTCA.  See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979).  A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees.  See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006).  An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act.  See 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").  Plaintiff does not allege that he filed an administrative claim.  Thus, Plaintiff fails to state a claim under the Federal Tort Claims Act.

Plaintiff is not entitled to damages for emotional distress.  Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims.  See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989); see also the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983.  This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional.  See Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997), affirmed, 133 F.3d 459, 463 (7th Cir. 1997) ("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [Metro-North Commuter R.R. v. Buckley, 521 U.S. 424 (1997) (Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively

interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection."); see also Merriweather v. Reynolds, 586 F. Supp. 2d 548, 558-59 (D.S.C. 2008) (collecting cases).

## RECOMMENDATION

Accordingly, the court recommends that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).